UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRICELA GARCIA,                       :
                                      :
v.                                    :    CIVIL NO. 3:17-CV-2175
                                      :
NANCY A. BERRYHILL, DEPUTY             :
COMMISSIONER FOR OPERATIONS,          :
SOCIAL SECURITY ADMINISTRATION         :

## **ORDER DISMISSING CASE**

For the reasons set forth below, the defendant's Motion to Dismiss is being granted and the case is being dismissed with prejudice.

The defendant has moved to dismiss the plaintiff's complaint, pursuant to the Social Security Act, 42 U.S.C. § 405(g), for failure to timely file her case in federal court. Section 405(g) states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(g) "plainly evidence[s]" Congress' purpose "to impose a [sixty]-day limitation upon judicial review of the [Commissioner]'s final decision on the initial claim for benefits." Califano v. Sanders, 430 U.S. 99, 108 (1977). "In addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which

Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen v. City of New York, 476 U.S. 467, 481 (1986).

As noted by the defendant, courts have consistently enforced the sixty-day statute of limitations even when a plaintiff filed only a few days late. As the Sixth Circuit explained in a case where the plaintiff filed a complaint one day late, while "allowing [plaintiff] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007).

It is undisputed that the plaintiff neither sought an extension of time from the Commissioner nor timely filed her complaint.

The Appeals Council denied the plaintiff's request for review of the Administrative Law Judge's decision on her application in a notice dated October 19, 2017. The plaintiff presumptively received that notice on October 24, 2017. See 20 C.F.R. § 422.210(c) ("[T]he date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice . . . ."). Consequently, the plaintiff

was required to file a civil action by December 23, 2017. She did not do so until December 29, 2017.

A court may equitably toll the sixty-day limit, but only in cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate'", City of New York, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)); where "a litigant can show that 'he has been pursuing his rights diligently'[;] and [where] 'some extraordinary circumstance stood in [the] way'", Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Here the plaintiff has made no such showing.

Accordingly the defendant's Motion to Dismiss (Doc. No. 15) is hereby GRANTED and the case is hereby DISMISSED with prejudice.

The Clerk shall close this case.

It is so ordered.

Signed this 17th day of May, 2018 at Hartford, Connecticut.

                                        /s/AWT
                                Alvin W. Thompson
                         United States District Judge